## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| **NOVA HOME GROUP LLC** | : | No.: |
| | : | |
| Plaintiff, | : | |
| | : | **JURY TRIAL OF TWELVE (12)** |
| v. | : | **JURORS DEMANDED.** |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC** | : | |
| 305 N. 3rd Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE LTD.** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL MIAMI LLC** | : | |
| 175 SW 7th Street, No. 2110 | : | |
| Miami, Florida 33130 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL BALTIMORE, LLC** | : | |
| 518 S. Conkling St., 4th Fl. | : | |
| Baltimore, MD 21224 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC MANAGEMENT –** | : | |
| **BALTIMORE, LLC** | : | |
| 100 International Drive, Fl. 23. | : | |
| Baltimore, MD 21202 | : | |
| | : | |
| AND | : | |
| | : | |

**ABC CAPITAL FINANCE, LLC**                           :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :
                                                       :
    AND                            :
                                                       :
**ABC CAPITAL HOLDINGS, LLC**                          :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :
                                                       :
    AND                            :
                                                       :
**ABC CAPITAL INCOME FUND, LLC**                       :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :
                                                       :
    AND                            :
                                                       :
**ABC CAPITAL REALTY, LLC**                            :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :
                                                       :
    AND                            :
                                                       :
**AGL CAPITAL INVESTMENTS, LLC**                       :
1218 North Marshall Street                             :
Philadelphia PA 19122                                  :
                                                       :
    AND                            :
                                                       :
**PHILLY METRO BUILDERS, LLC**                         :
4235 Main Street                                       :
Philadelphia, PA 19127                                 :
                                                       :
    AND                            :
                                                       :
**MD FIRST CONSTRUCTION**                              :
**COMPANY, LLC**                                       :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :
                                                       :
    AND                            :
                                                       :
**USA REBUILDERS, LLC**                                :
1218 N. Marshall Street                                :
Philadelphia, PA 19122                                 :

|   |   |
|---|---|
| AND | : |
|   | : |
|   | : |
| **IPP USA, LLC** | : |
| 1714 Memphis St., Ste. C-8 | : |
| Philadelphia, PA 19125 | : |
|   | : |
| AND | : |
|   | : |
| **IPP-BALTIMORE, LLC** | : |
| 100 International Dr., 23rd Fl. | : |
| Baltimore, MD 21202 | : |
|   | : |
| AND | : |
|   | : |
| **ABC HORIZONS, LLC** | : |
| 3604 Eastern Avenue, 1st Fl. | : |
| Baltimore, MD 21224 | : |
|   | : |
| AND | : |
|   | : |
| **HORIZON II, LLC** | : |
| 1218 North Marshall Street | : |
| Philadelphia PA 19122 | : |
|   | : |
| AND | : |
|   | : |
| **STATESIDE-PHILLY, LLC** | : |
| C/O M. Burr Keim Co. | : |
| 2021 Arch St. | : |
| Philadelphia, PA 19103 | : |
|   | : |
| AND | : |
|   | : |
| **PGUTMAN LLC** | : |
| 631 W 51st Street | : |
| Miami Beach, FL 33140 | : |
|   | : |
| AND | : |
|   | : |
| **ASSET 1 HOLDINGS, LLC** | : |
| 9109 Cove Point Road | : |
| Sparrows Point, MD 21219 | : |
|   | : |
| AND | : |
|   | : |

**477 MANAGEMENT, LLC**  :
175 SW 7th Street, No. 1508  :
Miami, Florida 33130  :
   :
     AND  :
   :
**477 INTERNATIONAL REALTY, LLC**  :
175 SW 7th Street, No. 1508  :
Miami, Florida 33130  :
   :
     AND  :
   :
**MIAMI LIFE REALTY, LLC**  :
2320 Hollywood Blvd  :
Hollywood FL, 33020  :
   :
     AND  :
   :
**RICARDO SCATTOLINI**  :
175 SW 7th Street, No. 1508  :
Miami, Florida 33130  :
   :
     AND  :
   :
**FLORENCIA MELENDEZ**  :
175 SW 7th Street, No. 1508  :
Miami, Florida 33130  :
   :
     AND  :
   :
**JASON "JAY" WALSH**  :
305 N. 3rd Street  :
Philadelphia, PA 19122  :
   :
     AND  :
   :
**AMIR VANA**  :
305 N. 3rd Street  :
Philadelphia, PA 19122  :
   :
     AND  :
   :
**YARON ZER**  :
305 N. 3rd Street  :
Philadelphia, PA 19122  :
   :

```
            AND                         :
                                        :
PETER BROOKS                            :
305 N. 3rd Street                       :
Philadelphia, PA 19122                  :
                                        :
            AND                         :
                                        :
JOHN DOES 1-10                          :
                                        :
            Defendants.                 :
```

## CIVIL ACTION COMPLAINT

### I.   INTRODUCTION

1.     Plaintiff, Nova Home Group, LLC, bring this action against a variety of businesses and individuals that, in conjunction with one another, operated as a corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a sophisticated ponzi scheme[1].

2.     The RICO Enterprise marketed itself, particularly to foreign investors who spoke English as a second language, as a "one-stop", "hands-off" solution to invest in "income-producing properties", i.e. rental properties.

3.     The RICO Enterprise represented to investors that in exchange for the amount paid for each rental property, the investor would receive a fully-renovated, rental property that would be exclusively managed by the RICO Enterprise.

4.     In fact, the RICO Enterprise guaranteed the rental income for the first twenty-four months of ownership and even offered an "rental assurance" package that would be purchased annually to guarantee rental income in subsequent years.

---

[1]     All Defendant entities and individuals named herein are believed and therefore averred to be members of the RICO Enterprise.

5.      Plaintiff, Nova Home Group, LLC, invested approximately $411,267 through the RICO Enterprise for the purchase of four (4) properties, which included approximately $92,500 for the full renovation of three (3) properties.

6.      However, in reality, the RICO Enterprise would use the funds that were designated to fully-renovate the properties to pay prior investors the prior investors' guaranteed rental income, as well as line their own pockets.

7.      In 2020, it is believed and therefore averred that the RICO Enterprise's pyramid began to tumble following a thirty-three-plaintiff lawsuit, filed in December 2019, alleging a RICO-count (EDPA No. 19-6116) causing the RICO Enterprise to be unable to make the guaranteed rental income payments to its victims, including Plaintiff.

8.      In 2021, Plaintiff discovered that the RICO Enterprise failed to make any renovations to the three (3) properties and had absconded with the approximately $92,500 Plaintiff paid to the RICO Enterprise for the renovations.

9.      Further, Plaintiff discovered that one of the four (4) properties that Plaintiff had "purchased", i.e. a property located at 1200 N. Milton Avenue, Baltimore, MD 21213, remains in the name of the purported seller, i.e. Defendant, ABC Management -Baltimore, LLC.

10.     Further, the RICO Enterprise failed to pay Plaintiff guaranteed rental income totaling approximately $51,380.

11.     Plaintiff brings the RICO claim, as well as a number of state law claims, for the fraudulent and wrongful conduct of the RICO Enterprise.

## II.     JURISDICTION & VENUE

12.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

13.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as

this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for

violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants

have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate

commerce in connection with the transactions, acts, practices and courses of business alleged

herein.

14.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District as (i) certain real property that is the subject of the

transactions, acts, practices and courses of business alleged herein is situated within this District;

(ii) one or more defendants reside within this District; and (iii) one or more of the transactions,

acts, practices and courses of business alleged herein occurred within this District.

16.     All Defendants performed substantial business within this District, as described herein,

thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

**III.   PARTIES**

17.     Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

18.     Plaintiff, Nova Home Group, LLC is a limited liability company existing by virtue of and

operating under the laws of the State of Delaware, with its primary place of business at the

above-captioned address.

19.     Defendant, ABC Capital Investments, LLC is a limited liability company existing by

virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary

place of business at the above-captioned address and is a member of the RICO Enterprise.

20.     Defendant, ABC Capital RE LTD is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

21.     Defendant, ABC Capital RE is, upon information and belief, a limited liability company with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

22.     Defendant, ABC Capital Miami, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

23.     Defendant, ABC Capital Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

24.     Defendant, ABC Management - Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

25.     Defendant, ABC Capital Finance, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

26.     Defendant, ABC Capital Holdings, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

27.     Defendant, ABC Capital Income Fund, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary

place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

28.     Defendant, ABC Capital Realty, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

29.     Defendant, AGL Capital Investments, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

30.     Defendant, ABC Horizons, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

31.     Defendant, Horizon II, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

32.     Defendant, Philly Metro Builders, LLC, formerly known and registered as Home Cash 1031, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

33.     Defendant, MD First Construction Company, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a registered agent at the above-captioned address and is a member of the RICO Enterprise.

34.     Defendant, USA Rebuilders, LLC, is a limited liability company with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

35.     Defendant, IPP USA, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

36.     Defendant, IPP-Baltimore, LLC is a  limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

37.     Defendant, Stateside-Philly, LLC, is a  limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

38.     Defendant, PGUTMAN, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

39.     Defendant, Asset 1 Holdings, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

40.     Defendant, 477 Management, LLC, is a  limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

41.     Defendant, 477 International Realty, LLC, is a  limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

42.     Defendant, Miami Life Realty, LLC, is a  limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

43.     Defendant, Ricardo Scattolini is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Ricardo Scattolini is an employee of Defendant, ABC Capital Miami, LLC, specifically the Vice Present of Sales and Operations, and an agent of the RICO Enterprise and is named herein due to his personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiff.

44.     Defendant, Florencia Melendez is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Florencia Melendez is an employee of Defendant, ABC Capital Miami, LLC, responsible for property management and renovations, and an agent of the RICO Enterprise and is named herein due to her personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiff.

45.     Defendant, Jason "Jay" Walsh is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jason "Jay" Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Jason "Jay" Walsh is personally knowledgeable of the  "pattern of racketeering activities" described herein.

46.     Defendant, Amir Vana is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Amir Vana was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is

believed and therefore averred that Defendant, Amir Vana is personally knowledgeable of the "pattern of racketeering activities" described herein.

47.    Defendant, Yaron Zer is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Yaron Zer was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Yaron Zer is personally knowledgeable of the "pattern of racketeering activities" described herein.

48.    Defendant, Peter Brooks is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Peter Brook is an employee of Defendant, ABC Management – Baltimore, LLC, and an agent of the RICO Enterprise and is named herein due to his personal involvement in fraudulent, deceptive, and/or corrupt practices described herein.

49.    Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiff hereunder.

50.    The term "RICO Enterprise" herein will refer collectively to Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL

Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC,

MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore,

LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International

Realty, LLC, Miami Life Realty, LLC, as well as Individual-Defendants, Ricardo Scattolini,

Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-

10.

## IV.   OPERATIVE FACTS

51.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

### THE INITIAL REPRESENTATIONS

52.     In or around 2019, Plaintiff, Nova Home Group LLC learned of a guaranteed investment

opportunity from Defendant, Ricardo Scattolini through Defendant, ABC Capital Miami, LLC

involving "Income Producing Properties" in which Defendant, ABC Capital Miami, LLC would

provide guaranteed annual returns on investments in excess of ten percent (10%) per year for the

first year.

53.     Defendant, Ricardo Scattolini represented to Plaintiff, Nova Home Group LLC that ABC

Capital Miami, LLC was a "one-stop shop" for a guaranteed investment opportunity through

"income-producing properties", i.e. rental properties.

54.     Defendant, Ricardo Scattolini represented to Plaintiff, Nova Home Group LLC that the

ABC Capital Miami, LLC had perfected a process in which it:

        a.   would select and coordinate the purchase of a to-be-agreed-upon number of

            properties for the investor;

    b.   coordinate a full renovation of the properties, including roofing, plumbing, electrical, with new appliances, including water heater and boiler or other heating unit – all to be completed within sixty days of settlement on each property; and,

    c.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

55.    Defendant, Ricardo Scattolini explained that ABC Capital Miami, LLC guaranteed a return on investment in excess of ten percent (10%) per year.

56.    Despite his position with Defendant, ABC Capital Miami, LLC, Defendant, Ricardo Scattolini corresponded with Plaintiff via his email address with Defendant, 477 International Realty, LLC.

57.    Plaintiff reasonably and justifiably depended upon the representations from Defendant, Ricardo Scattolini in deciding to invest funds, as well as the representations that Plaintiff viewed on the ABC websites.

**THE RICO ENTERPRISE & SELECT WEBSITES**

58.    Defendant, ABC Capital Miami, LLC currently maintains a website at www.abccapitalmiami.com, which, as of March 18, 2021,  describes it's "Product" as follows:

**IPP**

*IPP / Income Producing Properties*

IPP are high performing properties in growing markets with great potential due to the high occupancy rate and demand for rentals, the increase in property prices and the low property taxes.

The ABC Capital team analyzes the potential of each property in detail. Once acquired and stabilized, we proceed to the complete remodeling and lease to then offer them to our clients.

In this way, each property is prepared, individually or in groups, as IPP.

The administration of the properties includes maintenance, sending income for rent and reports to our clients offering a comprehensive solution for foreign investors.

*See* Exhibit A, Pages 1-2.

59.    Defendant, ABC Capital Miami, LLC's website, as of March 18, 2021, represents on its

website that it has "designed a process that allows us to develop a high performance [sic]

product", describing that "process" as follows:

> 1. SEARCH AND PURCHASE - We do an extensive search and analysis to
> define the best available properties and acquire them with great benefits.
>
> 2. REHABILITATION PROGRAM - A detailed and full remodeling process,
> completed by professionals. This process includes: structural
> adjustments/improvements, electrical and plumbing systems, drywall, kitchen and
> more.
>
> 3. LEASE PROGRAM - Once the property is remodeled, we proceed to lease it,
> ensuring returns above 9% per year.
>
> 4. PROPERTY ADMINISTRATION - We take care of the administration
> including the following: – Receive the rent[,] – Pay expenses[,] – Monitor
> repairs[,] – Send a monthly account statement.
>
> 5. PROPERTY SALE - At this point, the property enters our system, is listed in
> our sales inventory and offered to investors as a stable option for their portfolio.

*See* Exhibit A, Page 3.

60.    Defendant, ABC Capital Miami, LLC is an affiliate of the original ABC entity,

Defendant, ABC Capital Investments, LLC. Defendant, ABC Capital Investments, LLC was

founded by Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer in or around March

2011. It is believed and therefore averred that by Defendant, Jason "Jay" Walsh, among others,

founded an even earlier ABC entity in or around 2004.

61.    Over the following decade, Defendant, ABC Capital Investments, LLC, at the direction

of, *inter alia,* Defendants, Jason "Jay" Walsh, Amir Vana, and Yaron Zer, created a network of

ABC affiliates that work in conjunction with each other in the Miami, Baltimore, and

Philadelphia markets, including, but not limited to:

> a.    Defendant, ABC Capital RE LTD, which, upon information and belief, focuses on
>
> the purchase, sale, and management of real estate in the greater Philadelphia area;

b.  Defendant, ABC Capital RE, which, upon information and belief, focuses on the purchase, sale, and management of real estate in the greater Philadelphia area;

c.  Defendant, ABC Capital - Baltimore, LLC, which, upon information and belief, focuses on the purchase and sale of real estate in the greater Baltimore area;

d.  Defendant, ABC Capital Miami, LLC, which, upon information and belief, focuses on the purchase and sale of real estate in the greater Miami area;

e.  Defendant, ABC Management – Baltimore, LLC, which, upon information and belief, focuses on the renovation and management of real estate in the greater Baltimore area;

f.  Defendant, ABC Horizon, LLC, which, upon information and belief, focuses on the purchase and sale of real estate in the greater Baltimore area;

g.  Defendant, IPP USA, LLC which, upon information and belief, focuses on the entire purchase, sale, and management of real estate;

h.  Defendant, IPP-Baltimore, LLC, which, upon information and belief, focuses on the entire purchase, sale, and management of real estate in the greater Baltimore area;

i.  Defendant, Philly Metro Builders, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Philadelphia area.

j.  Defendant, MD First Construction Company, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Baltimore area.

k.  Defendant, USA Rebuilders, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Baltimore area.

62.     It is believed and therefore averred that Defendants, ABC Capital Finance, LLC, ABC

Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, ABC

Capital RE, AGL Capital Investments, LLC, are all additional members of RICO Enterprise that

serve "back-office", rather than client-facing, aspects of the RICO Enterprise.

63.     It is believed and therefore averred that Defendant, Ricardo Scattolini in conjunction with

Defendants, 477 Management, LLC and 477 International Realty, LLC, among other unknown

entities and individuals, including Defendants, PGutman, LLC, Asset 1 Holdings, LLC, and/or

Miami Life Realty, LLC focus on the marketing and recruitment of potential victims.

64.     Defendant, ABC Capital RE, LTD currently maintains a website at

www.abccapitalinvestments.com, which, as of March 18, 2021, represents to prospective clients

that:

> ABC Capital RE, LTD offers a totally passive way to hold Real Estate. No
> physical or administrative involvement is required from our clients. By working
> with ABC, you retain legal control through your own entity or in your personal
> name but we handle the rest of your affairs if you wish. Everything regarding
> your property is cared for by ABC Capital RE, LTD."

*See* Exhibit B, Page 1

65.     Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further explains on

its "About ABC Capital" page that:

> ABC Capital RE, LTD is a one-stop shop for overseas and US real estate clients.
> We locate, renovate, and manage properties for hands off international/national
> clients.  You do not have the risk of buying securities but instead your real estate
> properties remain in your own separate legal entity. ABC has presented our
> unique value proposition all over the world including cities and countries such as
> London, Singapore, Tel Aviv, Monaco, and New York. Our rental properties are
> cash-flow producing in the Philadelphia residential markets.

*See* Exhibit B, Page 4.

66.     Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, represents how it

works:

> 1. Choose your income property – ABC researches and locates the best rental
> properties to compliment our investor's needs and portfolio. Our clients just need
> to select a property from our stock. Normal range for our properties is from
> $25,000 to $50,000.
>
> 2. We renovate it for you – The ABC Capital RE, LTD team will renovate your
> property in a maximum of 120 days. Our team has renovated and developed over
> 1,000  properties. You will receive a finished product with no effort on your part.
> The normal cost of our renovations range from $35,000 to $100,000. The cost of
> renovation is guaranteed by ABC Capital RE, LTD.
>
> 3. Start receiving your rental income – You will receive your first monthly
> payment never later than 121 days after your purchase and every 30 days
> thereafter via electronic funds transfers.  First year rent income is guaranteed and
> starting the second year you may be able to get rent insurance if you so choose.
> Return on Investments are 14%+ yearly, in addition to property appreciation.

*See* Exhibit B, Page 2.

67.     Defendant, ABC Capital RE, LTD's current website, as of March 18, 2021, further

represents to prospective clients the following "Highlights":

> Home Warranty – We fully renovate the properties, including a new roof with a
> 15-year warranty, but clients also receive a 1-year home warranty (from June
> 2016, it will only be 6 months) that covers your property for all damages and
> repairs needed within the first year of your purchase. No maintenance expenses
> during the first year!
>
> Rent Protect – ABC Capital ensures that your monthly payment is delivered to
> you without fail. Yes, a guarantee that payments are made to you for the first year
> after purchase. You may choose to pay for that insurance (if available ) in the 2nd
> and succeeding years.
>
> Electronic Monthly Payments  – Every month, your Return On Investment is sent
> to you via electronic funds transfer. Just provide us with the proper wiring
> instructions and your payments are sent automatically.

*See* Exhibit B, Page 2.

68.     Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, also explained its

"Full Renovations" to prospective clients, stating:

> After you purchase a property from our catalog, our sister company, Philly Metro
> Builders will conduct a FULL renovation. This includes new boiler and new
> roofing (15 years warranty), so the property will have very little or no
> maintenance during the next years. The full renovation is conducted in less than
> 90 days after the purchase of your home.

*See* Exhibit B, Page 3.

## THE INVESTMENTS

69.     On or about May 19, 2019, Defendant, Florencia Melendez reiterated the foregoing

representations to Plaintiff, Nova Home Group LLC via email through Plaintiff's representative.

*See* Exhibit C[2].

70.     Plaintiff, Nova Home Group LLC reasonably and justifiably depended upon the

representations from Defendant, Ricardo Scattolini and Florencia Melendez, as well as the

representations Plaintiff, Nova Home Group LLC viewed on www.abccapitalmiami.com in

deciding to invest funds with Defendant, ABC Capital Miami, LLC.

71.     Defendant, Florencia Melendez, believed with the assistance of other unknown

individuals, selected properties in Baltimore, MD and Philadelphia, PA for Plaintiff, Nova Home

Group, LLC to purchase.

72.     Defendant, Florencia Melendez, believed with the assistance of other unknown

individuals, provided Plaintiff, Nova Home Group LLC a spreadsheet reflecting the costs and

return on the potential properties.

---

[2]     This email was originally sent in Spanish and was translated via GMAIL translation into the attached
format.

73.     After multiple discussions with Defendants, Ricardo Scattolini, Jason "Jay" Walsh, and Florencia Melendez, among others on their behalf, Plaintiff decided to purchase the following properties from Defendants:

      a.  1200 N. Milton Avenue, Baltimore, MD 21213;

      b.  1732 Normal Avenue, Baltimore, MD 21213;

      c.  4703 Beaufort Avenue, Baltimore, MD 21215; and,

      d.  6405 Paschall Avenue, Philadelphia, PA 19142.

74.     At the direction of Defendants, Ricardo Scattolini, Jason "Jay" Walsh, and Florencia Melendez, Plaintiff paid the total sums of $411,267 for the purchase the foregoing four (4) properties and renovation of the three (3) properties of those properties.

75.     However, it is believed and therefore averred, that the RICO Enterprise maintained its front as a successful real estate investment firm through a ponzi-like scheme or practice. Specifically, the RICO Enterprise would use funds of new investors, including funds specifically earmarked for renovations of those new investors' properties, to make the guaranteed rental payments to prior investors and/or to buy-back the prior investors' properties.

76.     It is believed and therefore averred that the pool of new investors was running dry by March 2020 due to the aforementioned RICO lawsuit being filed on or about December 24, 2019 (EDPA No. 19-6116).

77.     One or more members of the RICO Enterprise, believed to include, but not be limited to, Defendants, Jason "Jay" Walsh, Ricardo Scattolini, Florencia Melendez, Amir Vana, and Yaron Zer, knew and intended for the foregoing properties to *not* be renovated and instead knowingly directed the RICO Enterprise to use the rehabilitation sums to pay prior investors the guaranteed rental income payments and/or settlement payments.

## 1200 N. MILTON AVENUE, BALTIMORE, MD 21213

78.     On or about July 30, 2020, Plaintiff entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1200 N. Milton Avenue, Baltimore, MD 21213 (the "Milton Property") from Defendant, IPP USA, LLC for $42,000. *See* Exhibit D.

79.     An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms:

   a.  Property is warrantied for the first twenty-four (24) months and Plaintiff will have no maintenance costs for the first twenty-four (24) months;

   b.  Roof is warranted for 12 years;

   c.  Rents are guaranteed for $1,200 per month for two (2) years; and,

   d.  Buyer will pay 10% for property management.

*See* Exhibit D, Page 4.

80.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Plaintiff also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the Milton Property. *See* Exhibit D, Pages 5-6.

81.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, IPP USA, LLC contractually agreed to renovate the entire Milton Property at a cost of $46,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit D, Page 7.

82.     Settlement occurred on or about August 20, 2020. *See* Exhibit E.

83.     Plaintiff paid $94,724 in total for the purchase and renovation of the Milton Property. *See* Exhibit E, Page 1.

84.     However, per the HUD Statement, the seller was actually Defendant, ABC Management - Baltimore, LLC. *See* Exhibit E, Page 1. The HUD Statement was executed by Defendant, Peter Brooks on behalf of actually Defendant, ABC Management -Baltimore, LLC.

85.     Despite the contractual guarantee of rental payments for a period of twenty-four (24) months, Plaintiff only received rental payment in the amount of $1,200 in or around March 2022.

86.     As of October 2022, the Milton Property remains in the name of Defendant, ABC Capital-Baltimore, LLC; i.e. Defendants intentionally and fraudulently failed to transfer the Milton Property to Plaintiff, Nova Home Group, LLC; instead, absconding with the entire $94,724 paid for the Milton Property. *See* Exhibit I.

87.     Nonetheless, Defendants charged Plaintiff $800 for a new refrigerator for the Milton Property

### 1732 NORMAL AVENUE, BALTIMORE, MD 21213

88.     On or about July 31, 2020, Plaintiff entered into a Real Estate Contract of Sale to purchase the real property located at and known as 1732 Normal Avenue, Baltimore, MD 21213 (the "Normal Property") from Defendant, IPP USA, LLC for $33,750. *See* Exhibit F.

89.     An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms concerning the Normal Property:

    a.   Property is warrantied for the first twenty-four (24) months and Plaintiff will have no maintenance costs for the first twenty-four (24) months;

    b.   Roof is warranted for 12 years;

    c.   Rents are guaranteed for $1,100 per month for two (2) years; and,

    d.   Buyer will pay 10% for property management.

*See* Exhibit F, Page 6.

90.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Plaintiff also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the Normal Property. *See* Exhibit H.

91.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, IPP USA, LLC contractually agreed to renovate the entire Normal Property at a cost of $51,500, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit F, Page 7.

92.     Settlement occurred on or about August 20, 2020. *See* Exhibit G.

93.     Plaintiff paid $87,671.20 in total for the purchase and renovation of the Normal Property. *See* Exhibit G, Page 1.

94.     However, contrary to the Real Estate Contract of Sale, per the HUD Statement, the seller was actually Defendant, ABC Capital-Baltimore, LLC. *See* Exhibit G, Page 1.

95.     Further, contrary to the renovations addendum, Defendant, ABC Management – Baltimore, LLC, rather than Defendant, IPP USA, LLC, received $48,760.01 for "Rehab Costs". *See* Exhibit G, Page 2.

96.     Further, Defendants, PGUTMAN, LLC, Miami Life Realty, LLC, and USA Rebuilders LLC received a combined 38% commission on the sale. Specifically,

        a.   PGutman, LLC received a "referral fee" of $4,262.50;

        b.   Miami Life Realty, LLC received a "referral fee" of $5,115; and,

        c.   USA Rebuilders LLC received a "renovation fee" of $3,410.

*See* Exhibit G, Page 2.

97.     Further, Defendant, PGutman, LLC also received a "Processing Fee" of $499 and Defendant, Miami Life Realty, LLC received a "Processing Fee" of $495.

98.    Upon information and belief, Defendants, PGUTMAN, LLC, Miami Life Realty, LLC, and USA Rebuilders LLC did nothing to earn the "referral fees" or "Processing Fees".

99.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months from Defendant, IPP USA, LLC, Plaintiff did not receive *any* rental payments.

100.    In fact, Plaintiff did not obtain possession of the Normal Property until in or around April 2022 when Plaintiff took possession of the Normal Property by changing the house keys through a new management company after months of unresponsive attempts to communicate with Defendants.

101.    Further, despite paying for the full renovation of the Normal Property, Defendants failed to make *any* renovations or repairs thereto.

102.    In or around April 2022, Plaintiff discovered that the Normal Property is in a state of disrepair.

## 4703 BEAUFORT AVENUE, BALTIMORE, MD 21215

103.    On or about July 27, 2020, Plaintiff entered into a Real Estate Contract of Sale to purchase the real property located at and known as 4703 Beaufort Avenue, Baltimore, MD 21215 (the "Beaufort Property") from Defendant, IPP USA, LLC for $46,000. *See* Exhibit J. Defendant, Jason "Jay" Walsh executed the foregoing contract on behalf of Defendant, IPP USA, LLC. *Id.*

104.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms concerning the Normal Property:

   a.   Property is warrantied for the first twenty-four (24) months and Plaintiff will have no maintenance costs for the first twenty-four (24) months;

   b.   Roof is warranted for 12 years;

   c.   Rents are guaranteed for $1,100 per month for two (2) years; and,

      d.   Buyer will pay 10% for property management.

*See* Exhibit J, Page 6. Defendant, Jason "Jay" Walsh also executed the foregoing addendum on behalf of Defendant, IPP USA, LLC. *Id.*

105.    As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, IPP USA, LLC contractually agreed to renovate the entire Beaufort Property at a cost of $41,000, including*, inter alia,* (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit J, Page 7. Defendant, Jason "Jay" Walsh also executed the foregoing addendum on behalf of Defendant, IPP USA, LLC. *Id.*

106.    On or about July 27, 2020, Plaintiff also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the Beaufort Property. *See* Exhibit K.

107.    Settlement occurred on or about August 5, 2020. *See* Exhibit L.

108.    Plaintiff paid $94,147 in total for the purchase and renovation of the Beaufort Property. *See* Exhibit L, Page 1. Plaintiff were charged $41,000 for "Rehab", paid through settlement. *See* Exhibit L, Page 1 (Line 105).

109.    However, contrary to the Real Estate Contract of Sale, per the HUD Statement, the seller was actually Non-Party, Fryer Development, LLC. *See* Exhibit L, Page 1.

110.    Further, Defendants, Asset 1 Holdings, LLC, PGUTMAN, LLC, Miami Life Realty, LLC, and USA Rebuilders LLC received a combined 40.6% commission on the sale. Specifically,

      a.   Asset 1 Holdings, LLC received a "Consulting Fee" of $4,000;

      b.   PGutman, LLC received a "referral fee" of $4,350;

      c.   Miami Life Realty, LLC received a "referral fee" of $5,220; and,

    d.   USA Rebuilders LLC received a "renovation fee" of $3,480.

*See* Exhibit L, Page 2.

111.    Upon information and belief, Defendants, Asset 1 Holdings, LLC, PGUTMAN, LLC, Miami Life Realty, LLC, and USA Rebuilders LLC did nothing to earn the commission.

112.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months from Defendant, IPP USA, LLC, Plaintiff only received sixteen payments for *partial* rent. Although Plaintiff was contractually guaranteed to receive $23,760 in net rental payments, Plaintiff only received a total of approximately $8,974.

113.    Further, despite paying for the full renovation of the Beaufort Property, Defendants failed to make *any* renovations or repairs thereto.

114.    In or around 2022, Plaintiff discovered that the Beaufort Property is in a state of disrepair.

## 6405 PASCHALL AVENUE, PHILADELPHIA, PA 19142

115.    On or about July 27, 2020, Plaintiff entered into a Standard Agreement for the Sale of Real Estate to purchase the real property located at and known as 6405 Paschall Avenue, Philadelphia, PA 19142 (the "Paschall Property") from Defendant, IPP USA, LLC for $128,000. *See* Exhibit M. Defendant, Jason "Jay" Walsh executed the foregoing contract on behalf of Defendant, IPP USA, LLC. *Id.*

116.    An addendum to the aforementioned contract, Defendant, IPP USA, LLC also contractually agreed to, *inter alia*, the following terms concerning the Paschall Property:

    a.   Property is warrantied for the first twenty-four (24) months and Plaintiff will have no maintenance costs for the first twenty-four (24) months;

    b.   Roof is warranted for 12 years;

    c.   Rents are guaranteed for $1,300 per month for two (2) years; and,

    d.   Buyer will pay 10% for property management.

*See* Exhibit M, Page 12. Defendant, Jason "Jay" Walsh also executed the foregoing addendum on behalf of Defendant, IPP USA, LLC. *Id.*

117.    On or about July 27, 2020, Plaintiff also entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the Paschall Property. *See* Exhibit N.

118.    Settlement occurred on or about August 20, 2020. *See* Exhibit O.

119.    Plaintiff paid $134,724.31 in total for the purchase of the Paschall Property. *See* Exhibit O, Page 1.

120.    However, contrary to the Standard Agreement for the Sale of Real Estate, per the HUD Statement, the seller was actually Non-Party, L.R.A. Investments LLC. *See* Exhibit O, Page 1.

121.    Further, Defendants, ABC Capital Miami, LLC, Horizon II, LLC, and Miami Life Realty, LLC, received a combined 13.2% commission on the sale. Specifically,

    a.   ABC Capital Miami, LLC received a "commission" of $6,400;

    b.   Horizon II, LLC received a commission "as agreed" of $2,790; and,

    c.   Miami Life Realty, LLC received a "referral fee" of $7,680;

*See* Exhibit O, Page 2.

122.    Further, Defendants, USA Rebuilders LLC and ABC Capital R.E. Ltd received $5,120 and $13,233.73, respectively, for renovations that did not occur. See Exhibit O, Page 2.

123.    Despite the contractual guarantee of rental payments for a period of twenty-four (24) months from Defendant, IPP USA, LLC, Plaintiff only received fifteen payments for *partial* rent. Although Plaintiff was contractually guaranteed to receive $28,080 in net rental payments, Plaintiff only received a total of approximately $15,246.

## V.   CAUSES OF ACTION

### COUNT I
**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiff v. Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini, Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10*

124.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

125.    Plaintiff, Nova Home Group LLC is a "person" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

126.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini, Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

127.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders,

LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini, Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

128.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini, Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiff, through a ponzi-like scheme surrounding "income producing properties" as described in detail herein.

129.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini,

Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

130.     The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

131.     The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud), and 18 U.S.C. 1952 (relating to racketeering) in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of its ponzi-like scheme to defraud individuals, including, but not limited to, Plaintiff herein as well as the thirty-three Plaintiff in *American Hypnotherapy Society, LLC, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116); two Plaintiff in *Dr. Jose Michan-Levy, et al v. ABC Capital Investments, LLC, et al* (EDPA 21-01917); two Plaintiff in *Shlomy Erba, et al v. ABC Capital RE, LTD., et al* (EDPA 22-03188); and, two Plaintiff in *Anibal Orrico, et al. v. ABC Capital Investments, LLC, et al* (EDPA 22-03960).

132.     The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Florida, the State of Maryland, and the Commonwealth of Pennsylvania, as well as overseas. Upon information and belief, the RICO Enterprise also engages in and affects interstate commerce in the State of Michigan and the State of Missouri.

133.     As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiff to its financial detriment.

134.    Pursuant to 18 U.S.C. § 1964, Plaintiff are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

## COUNT II
### Fraud
*Plaintiff v. Defendants, ABC Capital Miami, LLC, 477 Management, LLC 477 International Realty, LLC, Ricardo Scattolini, Jason "Jay" Walsh, and Florencia Melendez*

135.    Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

136.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia Melendez represented to Plaintiff that they would sell four specific properties to Plaintiff.

137.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia Melendez represented to Plaintiff that they had the authority to sell four specific properties to Plaintiff.

138.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia Melendez represented to Plaintiff that in exchange for payment, Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC would:

   a.   select and coordinate the purchase of properties for the investor;

   b.   coordinate a full renovation of the properties within sixty days of settlement on each property; and,

   c.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

139.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia

Melendez explained that ABC Capital Miami, LLC guaranteed a return on investment in excess of ten percent per year.

140.     Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia Melendez knew that the foregoing representations were false and misleading yet made the representations with the intent for Plaintiff to rely thereupon.

141.     Plaintiff justifiably depended upon the representations of Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Ricardo Scattolini , Jason "Jay" Walsh and Florencia Melendez to Plaintiff' financial detriment.

## COUNT III
### Breach of Contract
*Plaintiff v. Defendant, IPP USA, LLC*

142.     Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

143.     Plaintiff entered into a Real Estate Contract of Sale, and addendums, for the purchase and renovation of the Milton Property with Defendant, IPP USA, LLC for $42,000. *See* Exhibit D.

144.     Despite paying the full $94,724 to Defendant, IPP USA, LLC for the purchase and renovation, Defendant failed to effectuate the sale or transfer of the Milton Property to Plaintiff. *See* Exhibit E.

145.     Plaintiff have been financially harmed by Defendant, IPP USA, LLC's breach of the foregoing contract.

## COUNT IV
### Breach of Contracts
*Plaintiff v. Defendant, IPP USA, LLC*

146.     Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

147.    Plaintiff entered into two contracts with Defendant, IPP USA, LLC for the full renovation of the Normal Property and Beaufort Property. *See* Exhibits F & J.

148.    Plaintiff paid Defendant, IPP USA, LLC the full amount due for the renovation of the Normal Property and Beaufort Property. *See* Exhibits G & L.

149.    Defendant, IPP USA, LLC breached the foregoing contracts by failing to make *any* renovations to the Normal Property and Beaufort Property to Plaintiff' financial detriment.

<u>**COUNT V**</u>
**Breach of Contracts**
*Plaintiff v. Defendant, IPP USA, LLC*

150.    Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

151.    Plaintiff entered into a Property Management Contract with Defendant, IPP USA, LLC concerning the Normal Property, Beaufort Property, and Paschall Property. *See* Exhibits H, K, & N.

152.    It is believed and therefore averred that Defendant, IPP USA, LLC received compensation for the management of the Normal Property, Beaufort Property, and Paschall Property.

153.    However, despite contractually agreeing to manage the aforementioned properties, Defendant, IPP USA, LLC breached the foregoing contracts by failing to:

    a.    Take reasonable business steps to ensure the properties were leased during its management of the properties;

    b.    Take reasonable business steps to ensure the utilities used in the properties were paid;

    c.    Take reasonable business steps to preserve the condition of the properties;

    d.    Take reasonable steps to repair the properties;

  e. Take reasonable steps to ensure the properties met minimum, applicable codes and ordinances; and,

  f. Other breaches of the contracts as may be discovered during the course of this lawsuit.

154. As a result of Defendant, IPP USA, LLC's breaches of the foregoing contracts, Plaintiff have been financially harmed.

**COUNT VIII**
**Breach of Contracts**
*Plaintiff v. Defendant, IPP USA, LLC*

155. Plaintiff incorporate the foregoing paragraphs as if set forth at length herein.

156. In 2019, Plaintiff entered into three contracts with Defendant, IPP USA, LLC that, *inter alia*, guaranteed rental payments at set amounts for twenty-four months for the four properties. *See* Exhibits D, F, J, & M.

157. Defendant, IPP USA, LLC breached the contracts by failing to make the guaranteed rental payments to Plaintiff' financial harm.

**VI. PRAYER FOR RELIEF**

  **WHEREFORE**, Plaintiff, Nova Home Group LLC, by and through its undersigned counsel, respectfully demand judgment in their favor and against Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, AGL Capital Investments, LLC, ABC Horizons, LLC, Horizons II, LLC, Philly Metro Builders, LLC, MD First Construction Company, LLC, USA Rebuilders, LLC, IPP USA, LLC, IPP-Baltimore, LLC, Stateside-Philly, LLC, PGUTMAN, LLC, 477 Management, LLC, 477 International

Realty, LLC, Miami Life Realty, LLC, Ricardo Scattolini, Florencia Melendez, Jason "Jay" Walsh, Amir Vana, Yaron Zer, Peter Brooks, and John Does 1-10, individually or jointly and severally, in an amount in excess of five hundred thousand dollars ($500,000), including all direct, compensatory, and consequential damages, statutory and punitive damages, attorney fees and costs, and such other and further relief as this Honorable Court deems necessary and just.

                                        Respectfully Submitted,

**WEISBERG LAW**                        **SCHAFKOPF LAW, LLC**

 */s/ L. Anthony DiJiacomo, III*          */s/ Gary Schafkopf*
Matthew B. Weisberg                      Gary Schafkopf
L. Anthony DiJiacomo, III                *Attorneys for Plaintiff*